NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAURISE PHILLIPS,

Plaintiff - Appellant,

v.

AMERICAN AIRLINES, INC.; BRITISH AIRWAYS, PLC,

Defendants - Appellees,

and

DOES, 1 through 20, inclusive,

Defendant.

No. 24-6862

D.C. No.
2:22-cv-03129-SSS-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Argued and Submitted February 5, 2026
Pasadena, California

Before: GRABER, BRESS, and JOHNSTONE, Circuit Judges.

Plaintiff Maurise Phillips was a passenger on an international flight operated

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

by Defendant British Airways, PLC.  The complaint alleges that, during the flight, Plaintiff was bitten by bed bugs, causing extreme itchiness, which required medical treatment, and scarring.  The flight landed in England on September 17, 2019.  On September 15, 2021, Plaintiff filed a complaint in California state court against Defendant, as well as against American Airlines.[1]  The complaint asserts various state tort law claims, including a negligence claim, arising out of Plaintiff's injuries.  The case was removed to federal court due to diversity of citizenship.  28 U.S.C. § 1332.  The district court dismissed the action against Defendant with prejudice, ruling that the Montreal Convention[2] "preempts" Plaintiff's state-law claims and that it would be futile to allow an amendment because "[Plaintiff's] Montreal Convention claims are now time-barred."  "We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6)," Narayanan v. Brit. Airways, 747 F.3d 1125, 1127 (9th Cir. 2014), and we reverse and remand.

The Montreal Convention governs "all international carriage of persons, baggage or cargo performed by aircraft for reward."  Montreal Convention art. 1(1).  The Convention, by its terms, expressly applies to "any action for damages, however founded, whether under this Convention or in contract or in tort or

---

[1] American Airlines settled with Plaintiff and is not a party to this appeal.

[2] Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106–45, 1999 WL 33292734 ("Montreal Convention").

otherwise." Id. art. 29 (emphasis added). Any such action is "subject to the conditions and such limits of liability as are set out in this Convention." Id.

In other words, the Convention does not altogether "preempt" a state tort action pertaining to a personal injury on an international flight. Rather, it sets out the law that applies to such an action. For example, punitive damages cannot be recovered, id., and the action for damages must be brought within two years from the date when the flight arrived, or ought to have arrived, at its destination, id. art. 35. See El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 169, 172, 175–76 (1999) (holding that the substantively similar treaty that preceded the Montreal Convention "precludes a passenger from maintaining an action for personal injury damages under local law when [the passenger's] claim does not satisfy the conditions for liability under the [treaty]" and referring to that treaty's establishment of uniform "liability rules" and to the "preemptive effect" of those rules (emphasis added)); see also Narayanan, 747 F.3d at 1127 ("The Convention . . . provides the exclusive remedy for international passengers seeking damages against airline carriers." (emphasis added)).

Here, Plaintiff brought an action for damages alleging that he was injured during the international flight that Defendant operated. That action is therefore subject to the liability rules of the Montreal Convention. Montreal Convention art. 29; see id. art. 17(1) (providing that a "carrier is liable for damage sustained in case

3                                                    24-6862

of . . . bodily injury of a passenger upon condition only that the accident which caused the . . . injury took place on board the aircraft . . . .").  Because Plaintiff filed the complaint within two years from the date when his flight arrived in England, his claim for damages is not time-barred.  See id. art. 35(1).  Accordingly, the district court erred by dismissing Plaintiff's negligence claim.  On remand, Plaintiff need not amend the complaint to cite the Montreal Convention explicitly.  We instruct the district court to construe the complaint as alleging a claim under Article 17 of the Convention.  We express no view on the legal sufficiency of that claim beyond its timeliness.

**REVERSED and REMANDED for further proceedings, with instructions.**